UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY– NEWARK DIVISION

| JOSE MONTOLLA, individually and on behalf of all other persons similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> MEHALE LTD., INC. d/b/a WEST CALDWEL CARWASH <br><br> Defendant. | CIVIL ACTION <br> FILE NO: 17-cv-4020 <br><br><br> **ACTION UNDER** <br> **29 U.S.C. § 203 et seq.** <br><br><br> COLLECTIVE ACTION <br> COMPLAINT |
|---|---|

Named Plaintiff Jose Montolla (the "Named Plaintiff") individually and on behalf of all other persons similarly situated who were employed by Defendant MEHALE LTD., INC. d/b/a WEST CALDWEL CARWASH (hereinafter collectively referred to as "Plaintiffs") by his attorneys, Virginia & Ambinder, LLP, alleges as follows:

## NATURE OF ACTION

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) and New Jersey Statutes §§ 34:11-56a4 *et seq.*, to recover unpaid wages owed to the Named Plaintiff and members of the putative class for work they performed for MEHALE LTD., INC. d/b/a WEST CALDWEL CARWASH ("Defendant").

2. Defendant operates a car wash known as WEST CALDWEL CARWASH.

3. Beginning in approximately May 2014 and through the present, Defendant engaged in a policy and practice of requiring the Named Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

4. The Named Plaintiff has initiated this action on behalf of himself and members of the putative collective, seeking compensation of earned but unpaid compensation, specifically unpaid overtime compensation, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

5. This Court has original jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 USC § 216(b) and 28 U.S.C. §§ 1331. This court has supplemental jurisdiction over all New Jersey State Law claims pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is appropriate in this Court under 28 U.S.C. § 1391 as this action is brought in a judicial district where a substantial part of the events or omissions giving rise to the claims occurred.

## THE PARTIES

7. Named Plaintiff Jose Montolla is an individual who resides in the State of New Jersey who worked for Defendant as a car washer from approximately 1990 to May 16, 2017.

8. Upon information and belief, Defendant Mehale Ltd., Inc. d/b/a West Caldwell Carwash is a domestic corporation organized and existing under the laws of the State of New Jersey, with its principal location at 1113 Bloomfield Avenue, West Caldwell, New Jersey 07006, and is engaged in the car wash business.

## FLSA COLLECTIVE ALLEGATIONS

9. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

10. This action is brought on behalf of Named Plaintiff and a collective consisting of similarly situated employees who performed work for Defendant as car washers and related jobs at Defendant Mehale Ltd., Inc. d/b/a West Caldwell Carwash to recover unpaid overtime

compensation.

11. The Named Plaintiff and members of the putative collective who elect to opt-in as part of the collective action are all victims of the Defendant's common policy and/or plan to violate the FLSA by (1) failing to provide overtime wages, at a rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

12. The putative collective is so numerous that joinder of all members is impracticable. The size of the putative collective is believed to be in excess of fifty (50) employees. In addition, the names of all potential members of the putative collective are not known.

13. The claims of the Named Plaintiff are typical of the claims of the putative collective. The Named Plaintiff and putative collective members were all subject to Defendant's policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and putative collective members thus have sustained similar injuries as a result of the Defendant's actions.

14. Upon information and belief, Defendant uniformly applies the same employment policies, practices, and procedures to all employees who work at the Defendant Car Wash facility.

15. The Named Plaintiff and their counsel will fairly and adequately protect the interests of the putative collective. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

16. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative collective lack the

financial resources to adequately prosecute separate lawsuits against Defendant. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation. Finally, a collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

**FACTS**

17. Upon information and belief, beginning in or about May 2014, the Defendant employed the Named Plaintiff and other members of the putative collective to perform work washing cars in furtherance of Defendant's car wash business.

18. Upon information and belief, while working for the Defendant, the Named Plaintiff and the members of the putative collective were regularly required to perform work for the Defendant without receiving overtime compensation as required by applicable federal and state law.

19. Specifically, Named Plaintiff worked as an employee of Defendant from approximately 1990 to May 16, 2017 performing car wash services.

20. During the course of his employment, the Named Plaintiff typically worked 7 days per week, for a total of 58.5 hours per week.

21. Specifically, Named Plaintiff worked Monday – Saturday from approximately 8:00 a.m. to 5:00 p.m., and Sunday from 8:30 a.m. to 1:00 p.m.

22. Despite working approximately 58.5 hours per week, Named Plaintiff was paid approximately $640.00 per week, in cash, during the course of his employment for all hours worked, including those worked over 40 hours in a given week. Named Plaintiff also received approximately $7.00 per day in cash tips.

23. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases

interpreting same, Defendant Mehale Ltd., Inc. d/b/a West Caldwell Carwash constitutes an "enterprise engaged in commerce."

24. Upon information and belief, Defendant's gross yearly revenues are in excess of $500,000.00. '

25. Upon information and belief, while working for the Defendant, the Named Plaintiff and the members of the putative collective did not receive any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty (40) hours in any given week.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT: FLSA OVERTIME COMPENSATION

26. Named Plaintiff repeats and realleges the allegations set forth all proceeding paragraphs.

27. Pursuant to 29 U.S.C § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

28. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

29. The Named Plaintiff and other members of the putative collective are employees within the meaning contemplated in 29 U.S.C. §203.

30. Defendant is an "employer", within the meaning contemplated in 29 U.S.C. § 203, and, consequently, is liable for violations of FLSA.

31. Defendant failed to pay the Named Plaintiff, and upon information and belief, other members of the putative collective all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

32. The failure of Defendant to pay the Named Plaintiff and other members of the putative collective their rightfully owed overtime compensation was willful.

33. By the foregoing reasons, Defendant is liable to the Named Plaintiff and other members of the putative collective in an amount to be determined at trial, plus, interest, and attorney's' fees, and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT: NEW JERSEY OVERTIME COMPENSATION

34. The Named Plaintiff repeats and realleges the allegations set forth in proceeding paragraphs.

35. Pursuant to New Jersey Statute §§ 34:11-56a4, "[e]very employer shall pay to each of his employees wages at a rate of not less than … 1 ½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week."

36. Further, pursuant to New Jersey Statute §§ 34:11-56a1, an "employer" includes "any individual, partnership, association, corporation or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee."

37. Defendant is an "employer" within the meaning of New Jersey Statute §§ 34:11-56a1.

38. Further, pursuant to New Jersey Statute §§ 34:11-56a1, an "employee" includes

"includes any individual employed by an employer.

39. The Named Plaintiff and other members of the putative collective are employees within the meaning contemplated in New Jersey Statute §§ 34:11-56a1.

40. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendant failed to pay the Named Plaintiff and other members of the putative collective their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendant.

41. The failure of Defendant to pay the Named Plaintiff and other members of the putative collective their rightfully owed overtime compensation was willful.

42. By the foregoing reasons, Defendant is liable to the Named Plaintiff and other members of the putative collective in an amount to be determined at trial, plus, interest, and attorney's' fees, and costs.

**WHEREFORE**, Plaintiffs demands judgment:

(1) on the first cause of action, in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(2) on their second cause of action, in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(3) such other and further relief the Court may deem appropriate.

Dated: New York, New York
June 5, 2017

**VIRGINIA & AMBINDER, LLP**

By: _/s/ Lloyd R. Ambinder, Esq
Lloyd R. Ambinder, Esq.
Michele A. Moreno, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel: 212-943-9080

Fax: 212-943-9082
mmoreno@vandallp.com

*Attorneys for Plaintiff and the Putative Collective*